David M. KAPLAN, Plaintiff–Appellant,

v.

Alfred C. CERULLO III, Individually, and as Commissioner of New York City Department of Finance; Peter Rabinowitz, Individually, and as New York City Parking Violations Chief Administrative Law Judge; Arleen Gingold and Romeo Barros, Individually, and as Supervisory Administrative Law Judge; Roy Berlin, Individually and as Senior Parking Violations Bureau Administrative Law Judge; Gary Rosenblum, Individually and as Senior Parking Violations Bureau Administrative Law Judge; Stephen Holtz, Individually, and as Senior Parking Violations Bureau Administrative Law Judge; Paul Schreiber, Individually, and as Senior Parking Violations Bureau Administrative Law Judge; Al Sherman, Individually, and as Senior Parking Violations Bureau Administrative Law Judge; and the City of New York, Defendants–Appellees.

No. 00–7543.

United States Court of Appeals, Second Circuit.

March 13, 2001.

David M. Kaplan, New York, NY, pro se.

Fay Ng and Stephen J. McGrath, New York City Counsel, Michael D. Hess, Corporation Counsel of the City of New York, New York, NY, for appellees.

Present WALKER, Chief Judge, OAKES, and POOLER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant David M. Kaplan appeals from a March 31, 2000, judgment of the district court granting summary judgment of his suit. *See* Fed.R.Civ.P. 56(c). In his suit, which was brought pursuant to 42 U.S.C. § 1983, Kaplan alleges that he was terminated as a New York City Parking Violations Bureau ("PVB") Administrative Law Judge ("ALJ") in retaliation for speech he contends was protected by the First Amendment. *See, e.g., Pickering v. Bd. of Educ. of Township High Sch. Dist.,* 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). The district court granted summary judgment because it concluded that Kaplan had failed to establish a material question as to whether his termination as an ALJ was causally related to his speech.

*See, e.g., White Plains Towing Corp. v. Patterson,* 991 F.2d 1049, 1058 (2d Cir. 1993) (speech must be a motivating factor in the adverse employment action).

Kaplan was an ALJ with the New York City PVB from 1977 until his removal in October 1995. During that time, and on his own initiative, he wrote four letters to PVB officials suggesting various ways to improve the efficiency of the PVB. The first three letters are of no consequence to this appeal because they were written years before his dismissal; the most recent of the earlier three letters was written approximately four and a half years before his purported "retaliatory" dismissal.

The fourth letter, which Kaplan contends is the protected speech at issue, was written on February 17, 1994, to the Director of Adjudication at the PVB, Bruce Ribakove. In this letter, Kaplan proposed revising the ALJ shift schedules and eliminating the "night shift." In June 1994, Mr. Ribakove in fact eliminated the night shift, though there is no evidence that Kaplan's recommendation was the basis for the elimination.

Kaplan contends that as a result of his writing this letter, he began to receive various negative evaluations from his fellow ALJs. However, the same general complaints had been lodged against Kaplan since at least September 1989. Principal among the complaints was that Kaplan failed to provide reasoned explanations for his judicial decisions. After a number of similar evaluations and a constructive refusal to submit to oversight from his fellow ALJs, Kaplan was dismissed on October 20, 1995.

For the reasons set forth in the district court's memorandum order, we hereby AFFIRM the judgment of the district

court granting summary judgment against Kaplan and dismissing the action.